# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 109 | **DATE** | 02/04/13 |
| **CASE TITLE** | Terell Hudson (2012-1018013) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint in accordance with this order. Within 30 days of the date of this order, Plaintiff must: (1) submit a completed IFP application or pre-pay the $350 filing fee, and (2) submit an amended complaint. The clerk shall send Plaintiff an IFP application and an amended complaint form, along with a copy of this order. Plaintiff's failure to comply with this order within 30 days will result in dismissal of the case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, Terell Hudson, currently incarcerated at the Cook County Jail, has filed this civil rights complaint under 42 U.S.C. § 1983. The caption of the complaint lists as Defendant the Cook County Jail; however, in the section asking Plaintiff to list the Defendants, he states Tom Dart and Toni Preckwinkle. Plaintiff alleges that, when he first arrived at the Cook County Jail, he was housed in Division Three, which allegedly is condemned property and had no lights, mice, no toilet paper, and noxious odors. Plaintiff states he was housed in the unit for a week and two days.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His IFP application, however, is incomplete, as it does not include a completed certificate section or a copy of his jail trust fund account for a six-month period preceding his filing of this complaint. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to prepay the $350 filing fee, he may submit an application to proceed IFP, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the court grants the IFP application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account, and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must, with his application, "submit a certified copy of the trust fund account statement ... for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). To proceed with this case, Plaintiff must resubmit a completed IFP application that includes his jail trust fund statement. Alternatively, he may pre-pay the $350 filing fee. His failure to satisfy the filing fee requirement within 30 days of this order will result in the dismissal of this case. N.D. Local Rule 3.3(e).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

The court has conducted its preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. Plaintiff's complaint cannot proceed for several reasons.

First, given that Plaintiff states different parties on the cover of the complaint and in the section asking him list the Defendants, it is unclear who Plaintiff seeks to sue. *See* Fed. R. Civ. P. 10(a) (the caption of a complaint must list all the parties of the case); *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998). Also, the Cook County Jail is not an entity separate from Cook County and is not a suable entity. *See Castillo v. Cook County Department Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993).

Second, although Plaintiff states that Toni Preckwinkle was aware of the overcrowding at the jail and that Tom Dart was using a condemned building, Plaintiff does not allege that either Preckwinkle or Dart were aware of the adverse conditions in the building. To state a claim challenging the constitutionality of the conditions of his confinement, Plaintiff must allege facts that, if true, would demonstrate not only that he experienced substantially adverse conditions of his confinement, but also that the defendants acted with deliberate indifference to those conditions, i.e. that they were aware of the conditions but refused to address them. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Additionally, to satisfy the notice pleading requirement, Plaintiff should not only state what his claim is and the grounds upon which it rests, but also provide "some indication of time and place." *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Although Plaintiff states that he was housed in Division Three for nine days, he should also give some indication as to the dates of such confinement.

Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that names in its caption the parties he seeks to sue and that provides additional information about the claim he seeks to assert. The clerk shall forward an amended complaint form. Plaintiff is advised that an amended complaint replaces a prior complaint and must stand complete on its own. The court will look only to the amended complaint to determine the claims and parties to this case. Also, Plaintiff must include a judge's copy, as well as a service copy for each named Defendant.

Therefore, in order for Plaintiff to proceed with this case, within 30 days of the date of this order, he must: (1) either submit a completed *in forma pauperis* application or pre-pay the $350 filing fee, and (2) submit an amended complaint in accordance with this order. His failure to comply with this order will result in summary dismissal of this case.